UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUNDEXCHANGE, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MUSIC CHOICE,<br><br>*Defendant.* | Civil Action No. 19-cv-999 (RBW) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated April 8, 2025, Plaintiff SoundExchange, Inc. ("SoundExchange") and Defendant Music Choice (together, the "Parties"), by and through undersigned counsel, submit this joint status report. The Parties report as follows:

1. On December 20, 2021, this Court referred a question of regulatory interpretation raised in this case to the Copyright Royalty Board under the doctrine of primary jurisdiction and stayed this case pending a decision of the Copyright Royalty Board. *See* ECF 29, Memorandum Opinion; ECF 30, Order.

2. On December 4, 2024, the Copyright Royalty Board released a Ruling on Regulatory Interpretation Referred by U.S. District Court for the District of Columbia (the "Ruling").

3. On January 27, 2025, Music Choice filed a petition for review of the Ruling in the U.S. Court of Appeals for the District of Columbia Circuit. *See* Petition for Review, *Music Choice v. Copyright Royalty Board*, No. 25-1039 (D.C. Cir. Jan. 27, 2025).

4. On April 8, 2025, this Court stayed this case pending Music Choice's appeal of the Ruling and ordered the Parties to advise the Court once the appeal was resolved.

5. On August 18, 2026, the D.C. Circuit dismissed Music Choice's petition for review on the grounds that the Court lacked jurisdiction to review the Ruling. *See* Opinion, *Music Choice v. Copyright Royalty Board*, No. 25-1039 (D.C. Cir. Aug. 18, 2026).

6. On October 9, 2026, the D.C. Circuit issued the mandate dismissing the appeal.

7. Accordingly, the Parties now jointly request that the Court lift the stay in this case.

8. Because this case has been stayed since this Court referred a question of regulatory interpretation to the Copyright Royalty Board, the Parties have not proceeded with discovery as originally contemplated. *See* ECF 21. At this point, the Parties believe it would be beneficial to conduct discovery in phases to facilitate potential settlement discussions. Specifically, the Parties request to start with an approximately 75-day period of damages discovery culminating in settlement discussions or mediation. The Parties would proceed with the remainder of discovery only if they are unable to negotiate a resolution of the matter. Consistent with that approach, the Parties submit the following amended proposed schedule:

| **Event** | **Proposed Date** |
|---|---|
| Music Choice's response to Amended Complaint due (ECF 38) | Friday, November 20, 2026 |
| Initial disclosures | Friday, November 20, 2026 |
| Phased damages discovery begins | Friday, November 20, 2026 |
| Phased damages discovery ends | January 28, 2027 |
| Deadline to conclude settlement discussions or mediation | Monday, March 1, 2027 |
| Deadline to file notice of settlement or joint status report re settlement | Friday, March 5, 2027 |
| Status conference | TBD |
| Fact discovery ends | Friday, October 1, 2027 |

| Event | Proposed Date |
|---|---|
| Opening expert reports | Friday, October 22, 2027 |
| Rebuttal expert reports | Friday, December 3, 2027 |
| Expert discovery complete | Friday, January 28, 2028 |
| Summary judgment motions | March 10, 2028 |
| Summary judgment oppositions | Friday, April 21, 2028 |
| Summary judgment replies | Friday, May 19, 2028 |
| Pretrial conference | TBD |

Dated: November 2, 2026

Respectfully submitted,

/s/ Alex Trepp
Alex Trepp
JENNER & BLOCK LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001
202-637-6385
atrepp@jenner.com

*Attorney for Plaintiff*

/s/ Paul M. Fakler
Paul M. Fakler
KING & SPALDING LLP
1290 Avenue of the Americas
14th Floor
New York, NY 10104
212-790-5347
pfakler@kslaw.com

*Attorney for Defendant*